UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DOUGLAS E. JONES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:04-CV-288<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Petitioner Douglas E. Jones ("Petitioner"), pursuant to pleas of guilty, was convicted by this Court of violations of 18 U.S.C. § 1951, Hobbs Act Robbery, and 18 U.S.C. § 922(g), possession of a firearm by a felon. On December 6, 2002, as a result of the conviction this Court sentenced him to a term of incarceration of 235 months. Petitioner proceeding *pro se* now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition").

Petitioner filed a memorandum in support of his Petition (Court File No. 2). Pursuant to the Court's Order (Court File No. 4), the United States filed a response to the petition (Court File No. 6, "Government's Response"). Petitioner filed an opposition to the Government's response (Court File No. 7). Petitioner also filed a motion for an evidentiary hearing with supporting memorandum (Court File Nos. 8, 9).

Having carefully examined the materials submitted, together with the complete record of the underlying criminal case,[1] the Court determines they conclusively show Petitioner is not entitled to

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and

relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's §2255 motion for the following reasons. Also, the Court will **DENY** Petitioner's motion for an evidentiary hearing (Court File No. 9).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2002, a three-count indictment was returned by a federal grand jury sitting in the Eastern District of Tennessee at Chattanooga (Crim. Court File No. 2). Count One of the indictment charged Petitioner with Hobbs Act Robbery, i.e., interference with interstate commerce by robbery, in violation of 18 U.S.C. §1951; Count Two charged Petitioner with brandishing a .22 caliber 4-shot derringer pistol during the robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count Three charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (*Id.*).

On September 19, 2002, Petitioner pleaded guilty to Counts One and Three. On that same day, the United States filed an amended factual basis in support of the guilty plea. The factual basis filed in support of Petitioner's plea of guilty states the facts as follows:

> a. On or about June 2, 2002, the defendant, a white male with a gray beard and black cowboy hat, entered a Conoco/Mr. Zip convenience store in Hamilton County, in the Eastern District of Tennessee, and pointed a silver handgun at the chest of the owner, Nasir Latif Qazi. The Conoco/Mr. Zip convenience store is engaged in selling items that were purchased in interstate commerce and in an industry which affects interstate commerce. The defendant demanded money and threatened to shoot Mr. Qazi. Qazi handed over all of his cash ($260), which included a $2 bill with the

---

all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-82, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

words "Mr. Zip" stamped on it as marked money in the bottom of the drawer. The defendant ran away and was seen by witnesses (who also described him as wearing a black hat and having a gray beard) get into a red Ford Ranger pickup truck (license # DZD-663) and drive away.

b. These and other witnesses saw the defendant speed away in his truck and followed him to Walt's Diner. The police arrived and arrested the defendant at the restaurant. Search incident to his arrest revealed $274 in cash in his pocket, including the marked $2 stamped with "Mr. Zip" on it. The subsequent search of the truck parked nearby revealed a loaded 4 shot .22 caliber silver derringer pistol, which was manufactured outside the State of Tennessee and was shipped in interstate commerce.

c. Defendant was transported to the Mr. Zip store where he and the guns were readily identified by several witnesses to the robbery and escape.

d. Defendant was advised of his Miranda rights, waived his rights, and made a statement to officers in which he denied robbing the store. He provided an alibi that he had either been with his mother or at Walt's Diner the whole night. Witnesses at Walt's Diner were interviewed, including several employees, and they all denied that defendant had been in the diner that night. The defendant's mother called later, and in a recorded conversation, stated she had not seen the defendant for a week. Several eyewitnesses were later able to positively identify the defendant as the individual who had robbed the store.

e. Prior to June 2, 2002, defendant was convicted of at least one felony offense.

(Crim. Court File No. 16). During Petitioner's rearraignment, the Court, following the procedures set out in Fed. R .Crim.P.11, explained to Petitioner the elements of Counts One and Three (Crim. Court File No. 22, pp. 6-7).

On December 6, 2002, Petitioner was sentenced based upon his convictions of Counts One and Three (Crim. Court File No. 19, Judgment). The Court dismissed Count Two on the motion of the United States (*Id.*).

The Court committed Petitioner to the custody of the Bureau of Prisons for a period of 235 months. The sentence consisted of 235 months each for Counts One and Three to run concurrently (*Id.* at 2). A timely notice of appeal was filed on December 19, 2002 (Crim Court File No. 18,

3

Notice of Appeal). Petitioner's counsel filed an *Anders* brief on appeal and submitted one issue for review: whether the district court erred in sentencing Petitioner at the high end of the applicable Guidelines range. *United States v. Jones*, No. 03-5087, 2003 WL 22097824, *1 (6th Cir. Sept. 5, 2003). The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") affirmed Petitioner's convictions and sentence on September 5, 2003. The Sixth Circuit held it lacked jurisdiction to review Petitioner's sentence, Petitioner's presentence report correctly determined Petitioner was a career offender, and Petitioner's guilty pleas were made voluntarily, knowingly and intelligently. *Id.*

On September 7, 2004, Petitioner timely filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 26, Court File No. 1). Petitioner now raises two claims of ineffective assistance of counsel attacking the judgment in his case (Court File Nos. 1, 2). For the reasons stated below, the Court concludes these claims provide no basis to grant his Petition.

On January 13, 2006, Petitioner filed a supplemental motion and memorandum stating his sentence is unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005) and *Shepard v. United States*, 544 U.S. 13 (2005) (Court File Nos. 12, 13). The United States has not responded to the motion. As Petitioner's claims are meritless and provide no additional basis to grant his Petition, the Court does require a response to Petitioner's supplemental motion in order to evaluate that motion.

II.     **STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under

4

sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Petitioner's two claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant

5

Case 1:04-cv-00288   Document 14   Filed 05/11/06   Page 5 of 14   PageID #: 22

has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally

6

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

### III.   DISCUSSION

AS stated previously, Petitioner asserts two grounds upon which he argues the Court should grant his requested relief. Petitioner alleges his counsel was constitutionally ineffective for failing to explain or challenge the "interstate commerce nexus" necessary to establish the Hobbs Act offense and the felon-in-possession offense, and the evidence did not establish the basis for federal jurisdiction. He further complains counsel failed to appeal this alleged lack of federal jurisdiction. In his supplemental motion, Petitioner asserts "*Booker* through *Apprendi v. New Jersey*, 530 U.S. 466 (2000), would apply to [Petitioner's] case at bar" and his "enhanced sentence" is unconstitutional under *Shepard* (Court File No. 13, p. 10).

7

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not include this *Booker*, *Apprendi*, and *Shepard* objection in his appeal of his sentence. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" or "actual innocence."

Nevertheless, the Court will proceed to address the merits of Petitioner's claims because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

### A. Ineffective Assistance of Counsel - Lack of Interstate Commerce Nexus for Hobbs Act Offense

Petitioner first argues he was "never informed that his conduct [in Counts One and Three] did not meet the [interstate] commerce nexus required by Article I, § 8, cl. 3 of the Constitution, and the Supreme Court standard set forth in *United States v. Morrison*, 529 U.S. 598, 610-13, 120 S. Ct. 1740, 146 L.Ed.2d 658 (2000)" (Court File No. 2, 1-2). Petitioner claims "had [he] known that his offenses were only State of Tennessee crimes, he would have went to trial before a jury" (*Id.*).

Petitioner's argument must fail as a matter of law. As for the Hobbs Act offense, Petitioner's reliance on *United States v. Morrison* is misplaced. This same argument has been considered and rejected by numerous courts of appeal, including the Sixth Circuit. To establish a Hobbs Act offense both before and after *Morrison*, as well as after the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995), the evidence need show only a *de minimis* impact on interstate

8

commerce to satisfy federal jurisdiction. See *United States v. Dupree*, 323 F.3d 480, 485 (6th Cir. 2003); *United States v. Mills*, 204 F.3d 669, 671 (6th Cir. 2000); *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999). In *Smith*, the Hobbs Act jurisdictional prerequisite was satisfied by evidence the defendant robbed a store that sold products which had been shipped from out of state. *Smith*, 182 F.3d at 456. Here, it was undisputed and Petitioner stipulated the Conoco/Mr. Zip convenience store he robbed sold items manufactured out of state (Crim. Court File No. 16). Therefore, Petitioner's counsel was not deficient in failing to raise this claim in connection with the Hobbs Act charge, nor was Petitioner prejudiced by the failure to raise this issue. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### B. Ineffective Assistance of Counsel - Lack of Interstate Commerce Nexus for Felon-in-Possession Offense

As for the felon-in-possession offense, the Sixth Circuit likewise has rejected Petitioner's commerce clause argument. In *United States v. Thompson*, 361 F.3d 918 (6th Cir.), cert. denied, 125 S. Ct. 223 (2004), the Sixth Circuit held 18 U.S.C. § 922(g) does not exceed Congress' authority to regulate interstate commerce, and specifically rejected the argument that *Morrison* altered the jurisdictional basis for a felon-in-possession offense. As long as the evidence establishes the firearm in question was manufactured out of state, federal jurisdiction is established. *Id.* at 923.

In the present case, it was undisputed and Petitioner stipulated the gun he possessed during the robbery was not manufactured in Tennessee (Crim. Court File No. 16). Petitioner's counsel was not constitutionally ineffective in failing to challenge the jurisdictional nexus as to the § 922(g) offense, nor was Petitioner prejudiced by counsel's failure. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### C. Ineffective Assistance of Counsel - Failure to Appeal Federal Jurisdiction

Petitioner's claim his counsel was ineffective for failing to raise these federal jurisdiction issues on appeal. For the reasons stated above, these claims are completely without merit. Therefore, Petitioner's counsel was not deficient in failing to raise these issues on appeal, nor was Petitioner prejudiced by their omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### D.    Unconstitutional Sentence under *Booker, Apprendi,* and *Shepard*

The supplemental motion was signed by Petitioner on January 6, 2006 and filed with the Court on January 13, 2006. The effect of the motion is to amend his § 2255 petition to include an additional grounds for attacking his sentence. Here, timeliness becomes an issue because there is a one-year deadline for the filing of § 2255 motions, *see* 28 U.S.C. § 2255, ¶ 6, and this deadline also applies to motions to amend.

For the purpose of starting the clock on Section 2255's one year limitation period, the United States Supreme Court has held a judgment of conviction becomes final when the time expires for filing petition for certiorari contesting appellate court's affirmation of conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, Petitioner's conviction became final 69 days following the Sixth Circuit's mandate on October 6, 2003. Since he filed his supplemental motion in January 2006, more than two years after the statute lapsed as to his case, the motion is untimely, unless the amendments "relate back" to the timely filing of the original petition. *Anthony v. Cambra*, 236 F.3d 568, 576-78 (9th Cir.2000).

Under Rule 15 of the Federal Rules of Civil Procedure, an amendment filed after the statute of limitations has expired that "relates back" to the original pleadings is allowed under certain circumstances. A claim raised in an amended pleading will relate back to a claim asserted in an

10

original pleading where both claims arose out of the same conduct, transaction or occurrence. Fed. R. Civ. P. 15(c)(2). Amendments that merely add factual clarification or amplification to previously raised claims are permitted, *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000), but those that seek to add new legal theories or present new claims based on different factual underpinnings are not. *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). Moreover, asserting claims of ineffective assistance of counsel in an original pleading does not constitute a carte blanche invitation for later ineffective assistance claims, based on any alleged conduct on the part of counsel, of any nature, occurring at any point in the proceedings. *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (petitioner's allegations of ineffective assistance "sought to assert claims totally separate and distinct, 'in both time and type' from those raised in his original motion").

The additional claims included in Petitioner's supplemental motion do not relate back to any of the federal jurisdiction claims in the original petition. Petitioner's allegations of an unconstitutional sentence are separate and distinct from the ineffective assistance claims presented in the original motion, thus they do not relate back to the timely § 2255 motion. These untimely amendments are not allowed. However, as outlined below, the claims are completely without merit and would be denied even if they were not time-barred.

Petitioner argues his sentence violated the Sixth Amendment because the Court rather than a jury determined his status as a career offender, relying on the decisions in *Apprendi, Booker* and *Shepard*. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As Petitioner correctly acknowledges in his supplemental motion and memorandum, the Sixth Circuit has held the rule in *Booker* does not apply

11

retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860, 863 (6th Cir. 2005).

Petitioner does not allege any fact other than the fact of his prior convictions unconstitutionally enhanced his sentence. As the Sixth Circuit held in Petitioner's direct appeal, "the presentence investigation report correctly determined Petitioner is a career offender under [United States Sentencing Guidelines] §§ 4B1.1 and 4B1.4 because he has at least three prior convictions for a 'violent felony'." *Jones*, 2003 WL 22097824 at *1. Petitioner's total offense level was 31, his Criminal History Category score was VI, and the resulting guidelines range was 188-235 months imprisonment. *Id.* Jones's sentence of 235 months imprisonment was within the applicable range. *Id.* Therefore, Petitioner's sentence did not violate the Sixth Amendment and the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a

---

[2]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§

certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore

---

1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

**CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**